# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11378
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID WAYNE UNDERWOOD,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-78-25

Before BARKSDALE, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Wayne Underwood pleaded guilty to conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Sentenced within the advisory sentencing range for the Sentencing Guidelines to 235 months' imprisonment, Underwood asserts: his sentence is substantively unreasonable because it is greater than necessary to

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

achieve the sentencing goals of 18 U.S.C. § 3553(a) (sentencing factors), particularly the need to provide adequate deterrence and to protect the public.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). But, because Underwood did not raise in district court the issue presented here, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Underwood must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

At sentencing, after considering Underwood's mitigation contentions and the § 3553(a) factors, the court concluded a sentence at the low end of the Guidelines sentencing range was appropriate. Underwood has not shown the court: failed to give proper weight to any particular § 3553(a) factor; gave significant weight to an improper or irrelevant factor; or otherwise committed a "clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Along that line, the record does not support Underwood's assertion that the court was influenced by his association with the Aryan Brotherhood. His contentions amount to an impermissible request to reweigh the § 3553(a) factors. *See Gall*, 552 U.S. at 51. In short, he fails to show the requisite clear-or-obvious error.

AFFIRMED.